**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 08-cr-00306-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JANINE SLIGAR,

      Defendant.

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

**Blackburn, J.**

The matter before me is defendant's pro se paper [#32][1] filed January 11, 2011.[2]

I construe and treat the request as a motion for early termination of supervised release.

I deny the motion.

A motion for early release from supervised release is tantamount to a motion seeking modification of conditions of supervised release. As such, the motion is governed by **18 U.S.C. § 3583(e)(1)**, which provides,

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
> (1) terminate a term of supervised release and discharge the defendant

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and filing system (CM/ECF). I use this convention throughout this order.

[2] Although the defendant refers incorrectly requests ". . . the court to reconsider the length of Probation," *see* Motion at 1, because the defendant is proceeding *pro se*, I have construed his motion more liberally and held it to a less stringent standard than a formal pleading drafted by a lawyer. **See *Erickson v. Pardus***, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

In turn, under the Federal Rules of Criminal Procedure, modification of probation is governed by Rule 32.1, which provides,

(c) Modification.

(1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel.
(2) Exceptions. A hearing is not required if:
(A) the person waives the hearing; or
(B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
(C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

The government objects cogently to early termination. *See* Government's Response [#34] filed January 27, 2011.

After considering carefully (1) the motion; (2) the response; and (3) the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), I find and conclude that early termination is not yet warranted by the conduct of the defendant and is not yet in the interest of justice.

**THEREFORE, IT IS ORDERED** that the defendant's pro se motion for early termination of supervised release [#32] filed January 11, 2011, **IS DENIED**.

Dated February 1, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

-2-